**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**Meryl Hulteng**, OSB No. 164065
hultengm@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOHNNY L. SEIB,** | Case No. 3:19-cv-00892-AC |
| Plaintiff, | |
| v. | Defendant Metropolitan Life Insurance Company's<br>MOTION TO DISMISS |
| **METROPOLITAN LIFE INSURANCE COMPANY AND ALL OTHER INTERESTED PARTIES,** | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

## LR 7-1 CERTIFICATE OF COMPLIANCE

Counsel for defendant Metropolitan Life Insurance Company ("MetLife") states that she has conferred with plaintiff Johnny L. Seib ("plaintiff") regarding this motion by e-mail at his request. The parties were not able to resolve the dispute.

PAGE 1 -    DEFENDANT'S MOTION TO DISMISS

**MOTION**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), MetLife respectfully moves this Court to dismiss plaintiff's claims with prejudice for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This case involves a dispute over a residential loan and trust deed. On or about April 20, 2007, plaintiff borrowed $455,000 ("the Loan") from originating lender, Bank of America, N.A. ("BANA"). In exchange, plaintiff promised to repay the Loan with interest, and gave a trust deed on his property commonly known as 21695 Southwest Hedges Drive, Tualatin, Oregon 97062-8925 ("the Property"). (Compl., Ex. 4.) MetLife later acquired the Loan by assignment on or about April 7, 2016, and recorded on June 8, 2016. (Compl., Ex. 17.) Insofar as MetLife is aware, and according to plaintiff, plaintiff is not currently in default and no foreclosure is pending. (Compl. ¶ 89.)

On April 10, 2019, plaintiff, acting pro se, filed the Complaint asserting numerous claims against MetLife concerning the Loan. Plaintiff's Complaint is difficult to discern but appears to allege the following claims:

- Breach of Contract;
- Breach of the Implied Covenant of Good Faith and Fair Dealing;
- Violation of the Unlawful Debt Collection Practices Act, ORS 646.639 ("UDCPA")
- Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA");
- Violation of the Unlawful Trade Practices Act, ORS 646.604 et seq. ("UTPA");
- Fraud; and
- Declaratory and Injunctive Relief.

(ECF No. 1, Ex. 1 at 4, 20, 22, 26, 43, 46, 53.)

PAGE 2 -   DEFENDANT'S MOTION TO DISMISS

For the reasons discussed more fully below, the Court should dismiss plaintiff's Complaint in its entirety with prejudice.

*First*, plaintiff's Complaint does not contain facts sufficient to confer Article III standing. There are no factual allegations establishing that MetLife engaged in conduct that caused a concrete and particularized injury to plaintiff. Instead, the breadth of the Complaint concerns alleged unlawful conduct by BANA predating a 2010 foreclosure that was cancelled after plaintiff brought the Loan current—all of which occurred at least five years before MetLife acquired the loan. On these facts, plaintiff lacks Article III standing to pursue his claims.

*Second*, each of plaintiff's claims fail because plaintiff has not complied with Rule 8, nor has he pleaded sufficient factual allegations to state claims against MetLife pursuant to Rule 12(b)(6). Based on the exhibits attached to the Complaint, MetLife is an assignee of a mortgage that is not in default, and it is merely collecting payments that are due pursuant to the contract terms. Accordingly, there are no cognizable claims for breach of contract or breach of implied covenant of good faith and fair dealing. There are no cognizable claims for violations of the UTPA, FDCPA, UDCPA, fraud, or declaratory or injunctive relief. There are no damages for any of these purported claims. In addition, each of those claims are time barred because plaintiff complains about alleged misconduct by BANA occurring more than eight years ago.

*Third*, plaintiff's declaratory/injunctive relief claim fails—there is no justiciable controversy. Plaintiff borrowed money and gave a lien; MetLife acquired the Loan by assignment and plaintiff is still required to make payments pursuant to the Loan's terms. And to the extent that plaintiff is seeking declaratory judgment and injunctive relief, he is barred from doing so under the applicable statute of limitations.

## II. STATEMENT OF ALLEGED FACTS

On April 20, 2007, plaintiff borrowed $455,000 from BANA in exchange for execution of a promissory note and trust deed in the Property. (Compl., Ex. 4.)

PAGE 3 -    DEFENDANT'S MOTION TO DISMISS

122426.0018/7699734.4

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

In late 2010, long before MetLife acquired the Loan, plaintiff defaulted on his payment obligations, resulting in the recording of a Notice of Default and Election to Sell ("NODES"). (*Id.,* Ex. 11.)  On February 17, 2011, the trustee rescinded the NODES because plaintiff cured the default.  (*Id.,* Ex. 12.)  On May 8, 2016, BANA assigned the Loan to Bayview Loan Servicing, LLC.  (*Id.*, Ex. 16.)  On or about June 2016, Bayview Loan Servicing, LLC assigned the Loan to MetLife.  (*Id.*, Ex. 17.)

On or about April 10, 2019, plaintiff filed his Complaint in Washington County Circuit Court, Case No. 19CV162211.  (Compl. at 1.)  MetLife removed the action to this Court on June 7, 2019.  (ECF No. 1.)

## III. ARGUMENT

### A. Plaintiff Fails to Plead a Concrete and Particularized Injury to Establish Subject Matter Jurisdiction.

A Rule 12(b)(1) motion tests a federal court's power to adjudicate a dispute.  Among other jurisdictional restraints, the doctrine of standing imposes limitations on the exercise of federal jurisdiction.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "The 'irreducible constitutional minimum' of standing consists of three elements.  The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.*  (internal citation omitted).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992).

The standing requirement applies to statutory and common law claims, including breach of contract claims.  *Svenson v. Google Inc.*, No. 13-CV-04080-BLF, 2016 WL 8943301, at *16 (N.D. Cal. Dec. 21, 2016) (dismissing plaintiff's breach of contract claims under *Spokeo* where plaintiff could not show that Google's alleged breach of contract caused her concrete and

PAGE 4 -   DEFENDANT'S MOTION TO DISMISS

122426.0018/7699734.4

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

particularized injury). Even "when it is difficult to quantify the amount of damages flowing from a particular injury, a plaintiff still must show the fact of injury in order to have Article III standing. The potential availability of nominal damages once an injury has been established does not satisfy Article III." *Svenson*, 2016 WL 8943301, at *10.

Here, plaintiff's Complaint does not establish that MetLife engaged in conduct causing a concrete particularized injury. Indeed, plaintiff's allegations consistently focus on the actions of the original lender, BANA. For example, plaintiff contends: BANA made a loan that was predatory in nature (Compl. ¶ 19); BANA breached the loan agreement in 2010 by imposing false charges and failing to process a loan modification application (*id.* at ¶ 17); BANA engaged in some sort of robo-signing while attempting to foreclose) (*id.* at ¶¶ 35-41); BANA told plaintiff to stop making his payments to induce him into default (*id.* at ¶¶ 48-52). But plaintiff also admits BANA cured any harm because it thereafter rescinded the foreclosure. (*Id.* at ¶¶ 56, 57.) These allegations do not relate to MetLife and, even if they did, they cannot support a claim now. As discussed below, they are time-barred under any theory, because the alleged conduct at issue occurred more than eight years ago when the foreclosure was rescinded. (*Id.*)

Plaintiff's allegations against MetLife consist of the following: (1) MetLife benefitted from BANA's fraud (Compl. ¶ 104); (2) MetLife is not registered to do business in Oregon, nor is it registered as a "debt collector." (Compl. ¶¶ 105, 106.) But these allegations do not establish that plaintiff was injured as a result of MetLife's conduct. In his prayer for relief, plaintiff alleges without support that he has suffered $4,000,000 in damages. (Compl. at 65.) But that conclusory allegation lacks any support or foundation in the Complaint, and therefore must be disregarded. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (noting that plaintiff must do more than offer naked "labels and conclusions, and a formulaic recitation of the elements of a cause of action"). The Court should dismiss for lack of Article III standing.

PAGE 5 -    DEFENDANT'S MOTION TO DISMISS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
122426.0018/7699734.4                PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

**B.     The Court Should Dismiss Because Plaintiff Failed to Comply with Fed. R. Civ. P. 8.**

The purpose of Fed. R. Civ. P. 8, providing general rules of pleading, is to protect defendants from undefined charges and keep federal courts free of frivolous suits. *Howard v. Koch*, 575 F. Supp. 1299, 1304 (E.D.N.Y. 1982). In order to allow a defendant to frame a responsive pleading, Fed. R. Civ. P. 8(a)(2) requires a pleading which sets forth a claim for relief to contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(e)(1) requires each averment to be "simple, concise, and direct." Fed. R. Civ. P. 10(b) requires claims to be limited to the extent possible to a "statement of a single set of circumstances." Plaintiff's Complaint fails to satisfy any of these requirements.

Plaintiff's pleading does not clearly and concisely allege the legal basis for this action. Plaintiff's use of random legalese, statutory cites, and conclusory language does not establish that plaintiff is entitled to any relief, and he does not reasonably apprise MetLife of the claim or claims plaintiff alleges against it. Complaints like this unduly burden the court system and any party required to respond. The appropriate recourse, in this jurisdiction, as in others, is to dismiss the entire pleading. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir.), *cert. denied*, 474 U.S. 1021, 106 S. Ct. 571, 88 L. Ed. 2d 555 (1985) (court upheld dismissal of a complaint which was confusing and conclusory and not in compliance with Rule 8); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 672, 675 (9th Cir. 1981) (dismissal with prejudice "for failure to set forth a short, clear and concise statement of the claim" upheld). Otherwise, the pleading "becomes a springboard from which the parties dive off into an almost bottomless sea of interrogatories, depositions, and pre-trial proceedings on collateral issues, most of which may have little relationship to the true issue in the case." *New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corp.*, 16 F.R.D. 203, 206 (S.D.N.Y. 1954). Even if the factual elements of the claim are present, but are dispersed throughout the Complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy the requirements of Rule 8(a) is proper. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

PAGE 6 -     DEFENDANT'S MOTION TO DISMISS

Although plaintiff is pro se, he is not relieved of the requirements of the court rules, statutes, and decisional law that govern disputes in this Court. *Johnson v. Williams*, No. CV 07-1659-KI, 2008 WL 803023 (D. Or. 2008) (requiring pro se to comply with Rule 8). Plaintiff fails to comply with the law as set forth above. As a result, MetLife's ability to identify a claim and to allege defenses is severely hampered and the Complaint should be dismissed.

**C.     Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

Plaintiff's Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must give a plaintiff the benefit of all factual allegations in the complaint and all reasonable inferences arising from those facts, the court must disregard all legal conclusions, even if they are couched as factual allegations. *See id.* at 678-79; *Doe I*, 572 F.3d at 683 (noting that plaintiff must do more than offer naked "labels and conclusions, and a formulaic recitation of the elements of a cause of action") (quoting *Twombly*, 550 U.S. at 555). Moreover, "the court need not * * * accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors, Inc.*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir 1988); *see also Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Further, dismissal with prejudice is appropriate where amendment would be futile. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761

PAGE 7 -     DEFENDANT'S MOTION TO DISMISS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
122426.0018/7699734.4          PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

(9th Cir. 2007) (dismissing plaintiff's claim with prejudice after finding that granting leave to amend would be "futile" as the claim would fail "under any internally consistent set of facts").

Here, there are no allegations to support claims against MetLife. Distilled to their essence, plaintiff's allegations against MetLife are as follows:

- [MetLife] is not licensed to do business in the State of Oregon. (Compl. ¶ 79.)

- [MetLife] benefitted from the fraud perpetuated by BANA by continuing to collect payments on the mortgage. (Compl. ¶ 104.)

- [MetLife] did not and does not have a license to act as a Lender or a debt collector and is therefore acting in Oregon as an unlicensed Debt Collectors. (Compl. ¶ 106.)

- [Unlawful conduct under ORS 646.639 includes] * * * doing business in this state without registering to do business here and being licensed to do business here. (Compl. ¶ 119.)

**1.    Plaintiff fails to state a claim for breach of contract.** Plaintiff's breach of contract claim is based on alleged "illegal conduct committed by BANA, and then the illegal assignments and forgeries." (Compl. ¶ 91.) Under Oregon law, to state a claim for breach of contract, plaintiff must establish the existence of a contract, "its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Slover v. Oregon State Bd. of Clinical Social Works*, 144 Or. App. 565, 570, 927 P.2d 1098 (1996); *accord, Decker v. Jordan*, 79 Or. 109, 113-14, 154 P. 431 (1916) (holding that plaintiff was not entitled to foreclose, and defendant was not entitled to recover on a claim for breach of contract, where neither party could establish "full performance, a valid offer to perform met by a refusal by the opposite party, or a waiver"). Plaintiff has not alleged that he satisfied all of his contractual obligations—he does not allege that he paid the Loan in accordance with its terms. Significantly, plaintiff has not alleged that MetLife materially breached the contract.

Instead, plaintiff claims that BANA committed alleged wrongful actions prior to February 2011 and therefore he does not have to repay the Loan. (*See, e.g.*, Compl ¶¶ 17, 19, 35-41, 48-52.) Plaintiff cannot establish a breach of contract claim with these allegations against BANA (or MetLife as an assignee). First of all, the statute of limitations for the alleged breaches

PAGE 8 -    DEFENDANT'S MOTION TO DISMISS

by BANA expired years ago. Oregon's statute of limitations for breach of contract bars claims brought more than six years after the date of the alleged breach. ORS 12.080. Second, plaintiff admits that BANA stopped the alleged wrongful conduct when it rescinded the foreclosure action in February 2011. (Compl. ¶¶ 56, 57.) Moreover, BANA's subsequent decision to assign the Loan to another lender does not relieve plaintiff of the obligation to pay his mortgage. In fact, plaintiff agreed that the Loan could be sold or assigned. (Compl., Ex. 4 ¶ 20.) For these reasons, plaintiff's claim for breach of contract should be dismissed for failure to state a claim.

**2.     Plaintiff's claim for breach of the implied covenant of good faith and fair dealing also lacks sufficient allegations to state a claim against MetLife.** Plaintiff purports to assert a claim for breach of the implied covenant of good faith and fair dealing. The factual allegations supporting the claim are conclusory, and again focus on BANA's conduct, not MetLife's. With respect to MetLife, plaintiff states only that "Plaintiff was the victim of Bank of America's fraud, and then Bank of America passed on the void mortgage to a third party, the Defendant[,] for continued enforcement." (Compl. ¶ 97.) Even if plaintiff could attribute BANA's alleged misconduct to MetLife, which he cannot, the basis for his breach of implied covenant claim is likewise time-barred. *Meunier v. Nw. Mut. Life Ins. Co.*, 51 F. Supp. 3d 1023, 1036 (D. Or. 2014) ("In Oregon, the statute of limitations for contract claims—which includes claims regarding the implied covenant of good faith and fair dealing—is six years.")

Moreover, to the extent that MetLife—or other unidentified defendants—have proceeded pursuant to the express terms of the contract, there can be no claim for breach of the implied covenant of good faith and fair dealing. *See Stevens v. Foren*, 154 Or. App. 52, 58, 959 P.2d 1008 (1998) ("[t]he duty of good faith and fair dealing cannot contradict an express contractual term, nor does it provide a remedy for an unpleasantly motivated act that is permitted expressly by contract"); *see also Pacific First Bank v. New Morgan Park Corp.*, 319 Or. 342, 876 P.2d 761 (1994) (refusing to constrain landlord's discretion in withholding consent to assignment of lease pursuant to terms of the contract). Here, plaintiff alleges that MetLife as lender is collecting

PAGE 9 -     DEFENDANT'S MOTION TO DISMISS

122426.0018/7699734.4

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

payments, as is its express contractual right. (Compl., Ex. 4 at 3-4 (*see* ¶ E).) MetLife's conduct does not violate the implied covenant of good faith and fair dealing.

   **3.  Plaintiff fails to state a claim under Oregon's UDCPA and the FDCPA.**

Plaintiff's third cause of action is for purported violations of Oregon's UDCPA (ORS 646.639) and the FDCPA. (Compl. ¶¶ 103-116.) Plaintiff does not state a claim for relief under either statute. Plaintiff again bases his claim on the alleged wrongful conduct of BANA. (Compl. ¶ 113.) Plaintiff's sole contention against MetLife is that it collected amounts due on the mortgage it was assigned by BANA, as was its contractual right. (*Id.* ¶ 104.)

  To state a claim under the UDCPA, plaintiff must allege facts sufficient to show that MetLife engaged in at least one of the acts proscribed by the statute. *See* ORS 646.639(2). The Complaint does not specify what conduct of MetLife violated the statute, nor which subsection of the statute it allegedly violated. MetLife is left to guess as to what it has purportedly done in violation of ORS 646.639. Under the facial plausibility standard, the Court should dismiss the UDCPA claim.

  Plaintiff's FDCPA claim fails because MetLife is a creditor and therefore cannot be held liable. It is well-settled that the FDCPA applies only to "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6): (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) "[one] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." As the Ninth Circuit repeatedly has observed, "[t]he text of the FDCPA as well as its legislative history make clear that Congress did not intend the Act to encompass creditors." *Brooks v. Citibank (S. Dakota), N.A.*, 345 Fed. App'x 260, 262 (9th Cir. 2009) (citing S. Rep. No. 95-382, at *2, U.S. Code Cong. & Admin. News 1977, pp. 1695, 1696-97); *see also Swango v. Nationstar Sub1,* 292 F. Supp. 3d 1134, 1147–48 (D. Or. Feb. 5, 2018) (declining to find that defendants were debt collectors where they were collecting debts on their own behalves). The statute defines as "creditor" as "any person who offers or extends credit

PAGE 10 - DEFENDANT'S MOTION TO DISMISS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
122426.0018/7699734.4  PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

creating a debt *or to whom a debt is owed.*" 15 U.S.C. § 1692a(4) (emphasis added).  Here, plaintiff pleads himself out of an FDCPA claim by admitting MetLife has been collecting payments on the Loan it acquired for its own benefit—the Loan is not a debt "to another."  These facts bring MetLife squarely within the definition of a "creditor" under the FDCPA, and therefore the FDCPA is inapplicable here.  Because MetLife is not a "debt collector" under the FDCPA, an FDCPA claim against MetLife cannot stand and the Court should dismiss plaintiff's Third Cause of Action with prejudice.

Last, to the extent that plaintiff's UDCPA and FDCPA claims focus on conduct predating April 10, 2018, those claims are time-barred.  Claims raised under the FDCPA and UDCPA are subject to one (1) year statutes of limitations.  15 U.S.C. § 1692k(d) (Actions brought under the FDCPA must be commenced within one year from the date the violation occurred.); ORS 646.641(3) (Actions brought under the UDCPA must be commenced within one year from the date of the injury.)

    **4.**    **Plaintiff fails to state a claim under Oregon's UTPA.**  The UTPA permits a private action for persons who have suffered an "ascertainable loss of money or property." ORS § 646.638(1); *see also Hamilton v. General Mills, Inc.*, No. 6:16-cv-382-MC, 2016 WL 4060310, at *4 (D. Or. July 27, 2016).  To state a UTPA claim, plaintiff must allege (1) that MetLife engaged in conduct that violates one of numerous provisions set forth in ORS 646.608(1), (2) causation, (3) damages, and (4) willfulness by MetLife.  *Colquitt v. Mfrs. & Traders Tr. Co.*, No. 3:15-cv-00807-BR, 2016 WL 1276095, at *5 (D. Or. Apr. 1, 2016).  As previously discussed, plaintiff's sole allegations of wrongdoing concern alleged misconduct by BANA.  Plaintiff does not allege any facts establishing that MetLife violated ORS 646.608(1)— MetLife is left to guess.  Nor has he pleaded facts establishing that those alleged violations caused him an ascertainable loss.  Accordingly, plaintiff has not alleged any facts establishing that MetLife violated the UTPA.

PAGE 11 -   DEFENDANT'S MOTION TO DISMISS

Additionally, an action under the UTPA must be brought "within one year after the discovery of the unlawful method, act or practice." ORS 646.638(6). Accordingly, the Court should dismiss the portion of plaintiff's UTPA claim that relates to conduct that occurred before April 10, 2018, a year prior to the date plaintiff filed his complaint. *See Colquitt*, 144 F. Supp. 3d at 1228 (D. Or. 2015) (dismissing with prejudice the portion of plaintiff's UTPA claim barred by the one-year statute of limitations). Moreover, if plaintiff's claim is predicated on conduct predating March 23, 2010, the UTPA does not apply *at all* because before that date, the UTPA did not apply to extensions of credit. *See Roisland v. Flagstar Bank, FSB*, 989 F. Supp. 2d 1095, 1108 (D. Or. 2013) (holding that the Plaintiff could not support a claim under the UTPA because her claim "arises from the loan she received and deed of trust she granted in 2009," prior to the March 23, 2010 effective date of the "loans and extensions of credit" provision of the UTPA).

**5.     Plaintiff has not alleged any facts to establish a fraud claim against MetLife.**

Plaintiff repeatedly alleges that he is suing for fraud. (Compl. ¶¶ 13, 17, 33, 83, 91, 97, and 104.) The gravamen of his claim appears to be that BANA engaged in fraud and induced him into defaulting. (*Id.* ¶ 17.) But plaintiff also admits that BANA stopped the foreclosure in February 2011. (Compl. Ex. 17.) Plaintiff's fraud claim fails for several reasons.

To assert a fraud claim, plaintiff must plead facts with sufficient particularity to establish why MetLife is liable for any purported misrepresentation committed by the originating lender. *See Chavez v. United Mortgage Services, Inc.*, No. 09-285-AC, 2009 WL 4505439, *4 (D. Or. Dec. 1, 2009) (dismissing plaintiff's fraud claim against a loan assignee where plaintiff only provided legal conclusions concerning assignee's involvement). Fed. R. Civ. P. 9(b) requires plaintiff to differentiate his allegations to inform each defendant separately of the allegations surrounding its alleged participation in the fraud. *Chavez,* 2009 WL 4505439 at *4.

To state a claim for fraud, plaintiff must allege with particularity the circumstances that establish each of the following elements: (a) each defendant made a false representation of a material matter; (b) each defendant knew the representation was false; (c) each defendant knew

PAGE 12 -   DEFENDANT'S MOTION TO DISMISS

that he was misleading plaintiff; (d) plaintiff reasonably relied on the representation; and (e) plaintiff was damaged as a direct result of his or her reliance on the representation. *Riley Hill General Contractor v. Tandy Corp.*, 303 Or. 390, 405, 737 P.2d 595 (1987).

Plaintiff's Complaint fails to allege with particularity any operative facts that satisfy any of the elements necessary to state a claim for fraud as to MetLife. Plaintiff's fraud allegations concern BANA's origination of the Loan and servicing conduct that occurred more than eight years ago. (*Id.*¶¶ 97-98.) Plaintiff does not allege a single misstatement by MetLife. These allegations are insufficient to state a fraud claim against MetLife pursuant to Rule 9(b) and *Twombly* and *Iqbal*. Further, to the extent plaintiff is asserting a fraud claim based on conduct occurring two years before the date that he filed this lawsuit, which is the case here, the claim is time-barred. In Oregon, an action for fraud must be commenced within two years. ORS 12.110; *see also Vasconcellos v. Wells Fargo Home Loan Mortg.*, No. 10–757–KI, 2010 WL 3732232, at *5 (D. Or. Sept. 20, 2010) (clarifying two year statute of limitations).

**6.      Plaintiff fails to state a cognizable claim for injunctive or declaratory relief.**
Plaintiff's purported claim for "Injunctive Relief, Declaratory Relief and Quiet Title" does not articulate a cognizable claim for relief. Plaintiff merely asks the Court to void all documents recorded against his property and "quiet title against all claimants known and unknown to Plaintiff." (Compl. ¶¶ 213-322.) Plaintiff's purported allegations only concern stale conduct of BANA which no longer holds an interest in the Loan. Because plaintiff does not articulate a valid claim, this cause of action should be dismissed.

This cause of action should also be dismissed because it is time-barred. Plaintiff's declaratory judgment action sounds in contract and therefore is barred by the six year statute of limitations set forth in ORS 12.080. *See Doyle v. City of Medford,* 271 Or. App. 458, 464, 351 P.3d 768, 771 (2015) ("[t]he general rule when declaratory relief is sought as an alternative to other appropriate and otherwise available relief is that the relevant limitation period for the declaratory judgment suit should be based on that of the underlying grounds for relief.")

PAGE 13 -   DEFENDANT'S MOTION TO DISMISS

## IV. **CONCLUSION**

For the foregoing reasons, the Court should grant this motion and dismiss the Complaint with prejudice and without costs or fees to either party.

DATED:  June 21, 2019

                         LANE POWELL PC

                      By  s/Pilar C. French
                          Pilar C. French, OSB No. 962880
                          Meryl Hulteng, OSB No. 164065
                          Telephone: 503.778.2100
                  Attorneys for Defendant

PAGE 14 -   DEFENDANT'S MOTION TO DISMISS

122426.0018/7699734.4

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2019, I caused to be served a copy of the foregoing DEFENDANT'S MOTION TO DISMISS on the following person(s) in the manner indicated below at the following address(es):

Mr. Johnny L. Seib
21695 Southwest Hedges Drive
Tualatin, Oregon  97062-8925
E-Mail: jseib@msn.com

   *Plaintiff Pro Se*

- ☐ **by CM/ECF**
- ☑ **by Electronic Mail (courtesy copy)**
- ☐ **by Electronic Mail (e-mail agreement in place)**
- ☐ **by Facsimile Transmission**
- ☑ **by First Class Mail**
- ☐ **by Hand Delivery**
- ☐ **by Overnight Delivery**

   s/Pilar C. French
   Pilar C. French

CERTIFICATE OF SERVICE

122426.0018/7699734.4

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200